IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tracy Alvin James, #231674, | ) | C/A No.: 1:13-3499-MGL-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden, Evans Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Tracy Alvin James is an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections who filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's return and motion for summary judgment. [ECF Nos. 14, 15]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by April 17, 2014. [ECF No. 16]. Petitioner filed a response on April 16, 2014, and an amended response on May 29, 2014. [ECF Nos. 18, 19].

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I.    Factual and Procedural Background

At trial, Petitioner's daughter ("Daughter") testified concerning the events of April 24, 2007. [ECF No. 14-1 at 23–33]. She reported Petitioner picked her up from her elementary school, where she was in the second grade, and took her to his home. Petitioner told her to go to his room, where he showed her pictures of naked women and directed her to take off her pants. Daughter testified that Petitioner took off his pants, laid on top of her, and put his private part on her private part. Later that afternoon, Petitioner walked Daughter to the home she shared with her mother.

The following evening, Daughter told her mother that she was hurting and had a blood stain in her panties. When Daughter reported what happened the prior day, her mother took her to the emergency room. Daughter was then transferred to the Care House in Florence, South Carolina, where she was interviewed. Following the report of the case manager from the Care House, Petitioner was arrested on April 26, 2007.

Petitioner was indicted for first degree criminal sexual conduct ("CSC") with a minor by the Williamsburg County grand jury during the August 2007 term of court. [ECF No. 14-11 at 7–8 (2007-GS-45-183)]. Petitioner was represented by W. Legrand Carraway, Esq., and proceeded to a jury trial on October 18, 2007, before the Honorable Clifton Newman, Circuit Court Judge. [ECF No. 14-1 at 3, et seq.]. After the prosecution and the defense had both rested, but before closing arguments, Petitioner pled guilty before Judge Newman to criminal sexual conduct in the second degree ("CSC-2nd"). [ECF No. 14-3 at 30–44 at 3]. Judge Newman sentenced Petitioner to 150 months, in accordance with the

State's recommendation. *Id.*; ECF No. 14-3 at 44–45. Petitioner did not file a direct appeal. [ECF No. 14-3 at 45; ECF No. 14-11 at 3 (sentencing sheet).].

Petitioner filed an application for post-conviction relief ("PCR") on April 29, 2008 [ECF No. 14-4], and an amended PCR application on July 14, 2008 [ECF No. 14-3 at 47–57], asserting claims of ineffective assistance of counsel and involuntary guilty plea. A PCR evidentiary hearing was held before the Honorable R. Ferrell Cothran, Jr., Circuit Court Judge, on October 27, 2009, at which Petitioner and his counsel, Verdell Barr, Esq., appeared. *Id.* at 65–115. On December 22, 2009, Judge Cothran signed an order of dismissal. *Id.* at 117–126.

Petitioner timely filed a notice of appeal and was represented by Appellate Defender Wanda H. Carter of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, who filed a *Johnson* petition[1] for writ of certiorari in the South Carolina Supreme Court on or about November 29, 2010, raising the following issue: "The PCR court erred in dismissing petitioner's claim that he did not voluntarily and intelligently waive his right to a direct appeal in the case." [ECF No. 14-6 at 3]. Petitioner's counsel asserted that the petition was without merit and requested the court relieve her as Petitioner's counsel. *Id.* at 7. Petitioner filed a *pro se* brief on or about January 12, 2011

---

[1] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors of *Anders v. California*, 386 U.S. 738 (1967), to post-conviction appeals). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

[ECF No. 14-7 at 1–13]. On November 10, 2011, Petitioner filed an amended pro se brief, in which he raised the following issues:

> 1)    Did the Lower Court erred in improperly not finding that counsel was ineffective for failing to call witness and withholding DSS Report into evidence that prejudice the petitioner defense to effective assistance of counsel?
>
> 2)    Did Counsel on Appeal failed to raise nonfrivolous issue on Appeal for which the petitioner was prejudiced by counsel's unsatisfactory representation?

[ECF No. 14-8 at 3] (errors in original).

By order filed August 15, 2013, the South Carolina Court of Appeals denied the petition for certiorari. [ECF No. 14-9]. The remittitur issued on September 5, 2013. [ECF No. 14-10]. Petitioner filed this federal petition for a writ of habeas corpus on December 13, 2013. [ECF No. 1-3 at 1].[2]

II.    Discussion

Petitioner raises the following grounds in his petition:

**Ground One:**    Mr. James was Denied due Process of Law under the 14th Amendment to the United States Constitution

Supporting Facts: During Mr. James trial my attorney refused to call DSS witteness to testify in which DSS Did an Investigation on Mr. James the outcome was Mr. James was not the perpetrator, See DSS report & page 69 of the Trial Transcript, & Exhibit B DSS letter Head

---

[2] The petition was received by the court on December 16, 2013, and docketed on December 17, 2013. [ECF No. 1]. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). It appears that the envelope containing the petition was deposited in the prison mailing system on December 13, 2013. [ECF No. 1-3 at 1].

**Ground Two:**        Mr. James was denied due process of Law under the 14th Amendment to the United States Constitution

                              Supporting Facts: My Attorney at my Trial refuse to call the PCN who examined my daughter for Sexual Abuse in which her examination came back Negative See Exhibit C.

**Ground Three:**      Mr. James was denied due Process of Law under the 14th Amendment to the United States Constitution

                              Supporting Facts: During Mr. James trial my Attorney let me be charged with 2 indictment, Criminal Sexual Conduct With A Minor 1st degree & CSCWAM 2nd degree with the same child which the elements are different. See Exhibit E&F

**Ground Four:**       Mr. James was denied due process of Law under the 14th Amendment to the United States Constitution.

                              Supporting Facts: During Mr. James trial my Attorney did not ask for the prosecutor or the trial judge to step down from this trial The prosecutor Mr. Saab and the trial Judge Mr. Clifon Newman were Law Partners in Saab & Newman Law Firm a conflict of interest

[ECF No. 1-1 at 5–10] (errors in original).

      A.      Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and

draw all justifiable inferences in its favor. *Id.* at 255.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

B.     Habeas Corpus Standard of Review

1.     Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410.  Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.      Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.      Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)     the applicant has exhausted the remedies available in the courts of the State; or

(B)     (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

7

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR.  State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976).  If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP.  Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[3] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in

---

[3]  In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007, decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to

the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran,* 220 F.3d 276, 289 (4th Cir. 2000) (citing *Matthews v. Evatt,* 105 F.3d 907, 911 (4th Cir. 1997) (internal quotation marks omitted)). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy,* 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases,* 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary

---

file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

review by the South Carolina Supreme Court "*outside* of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854.   As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted," *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the South Carolina Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the South Carolina Court of Appeals.

b.     Procedural Bypass

 Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file

a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.   As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986), *superseded by statute on other grounds* (AEDPA).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply.   *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S.

722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

3.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the states courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred.    *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim.    *Id.*    Absent a showing of "cause," the court is not required to consider "actual prejudice."    *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995).    However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

C.    Analysis

1.    Procedural Bar as to Grounds Three and Four

As an initial matter, Respondent argues that Petitioner procedurally defaulted on Grounds Three and Four. In Ground Four, Petitioner claims that his trial counsel was

12

ineffective for failing to seek removal of Judge Newman (or Solicitor Sabb).[4] Respondent argues Ground Four is procedurally defaulted because neither Petitioner nor collateral appellate counsel presented it to the state court of appeals on certiorari, following the denial of relief by the PCR judge. Because this claim was not properly presented to the South Carolina Court of Appeals, the South Carolina state courts would find it procedurally defaulted if Petitioner attempted to raise it now. Therefore, this claim is procedurally barred in federal habeas corpus. *Coleman v. Thompson*, 501 U.S. 722 (1991).

In Ground Three, Petitioner alleges that trial counsel was ineffective in allowing the State to charge him with "2 indictments, criminal sexual conduct with a minor 1st degree and CSCWAM 2nd degree, with the same child which the elements are different." [ECF No. 1 at 8]. Respondent submits that this claim is procedurally defaulted under *Coleman v. Thompson*, 501 U.S. 722 (1991), because Petitioner did not present it to the PCR court.

Although Petitioner's twenty-first claim in his original PCR application was "[f]aulty indictment, pleading to something I did not do" [ECF No. 14-4 at 8], he did not include Ground Three in his original PCR application. Further, Ground Three was not among the twenty-four claims in his amended PCR application [ECF No. 14-5], and it was not addressed in the order of dismissal. [ECF No. 14-3 at 117–127]. While one of Petitioner's claims on PCR appeal was that counsel was ineffective for failing to advise him of his right to have the indictment for CSC 2nd presented to the Williamsburg County

---

[4] Respondent also argues that part of Petitioner's Ground Three is also procedurally defaulted. Petitioner's claims in Ground Three are all addressed *infra* at II. C. 4. b.

Grand Jury [ECF No. 14-7 at 8], this claim was not properly preserved for appellate review.

In South Carolina, an issue must have been raised to and ruled upon by the PCR judge to be preserved for appellate review. *Evans v. State*, 611 S.E.2d 510, 515 (2005); *Plyler v. State*, 424 S.E.2d 477 (1992) (issue or argument which is neither raised at PCR hearing nor ruled upon by the PCR court is procedurally barred from appellate review); *Hyman v. State*, 299 S.E.2d 330, 331 (1983) (petitioner failed to preserve for review on appeal claim that trial counsel was ineffective for failure to object that sentences constituted cruel and unusual punishment where point was not raised in PCR application or at hearing); *Gary v. State*, 557 S.E.2d 662, 663 (2001) ("This issue was not raised below and is not properly before us"). "Imposing this preservation requirement on the appellant is meant to enable the lower court to rule properly after it has considered all relevant facts, law, and arguments." *I'On, L.L.C. v. Town of Mt. Pleasant*, 526 S.E.2d 716, 724 (2000).

Thus, as a matter of state court appellate procedure, the Court of Appeals would not have considered Petitioner's Ground Three argument that counsel was ineffective for failing to advise him of his right to grand jury presentment, so that allegation is procedurally defaulted. *Coleman*, 501 U.S. at 729–30. To the extent that Petitioner is asserting any other claim relating to counsel's performance related to the indictments, his claim is procedurally defaulted because the claim was never presented to the state courts. *See Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) ("the exhaustion requirement

14

demands that the petitioner 'do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face up and squarely; the federal question must be plainly defined. Bleak references which hint that a theory may be lurking in the woodwork will not suffice'") (citation omitted); *see also Kornahrens v. Evatt*, 66 F.3d 1359, 1362 (4th Cir. 1995) (holding that even under in favorem vitae review, an inmate's claim is procedurally barred unless specifically raised to the state supreme court).

2.     Cause and Prejudice

Respondent argues that Petitioner cannot show cause and prejudice for his procedural default or that failure to review the claim will result in a fundamental miscarriage of justice. The undersigned finds that Petitioner has not shown sufficient cause and prejudice to excuse the default of Grounds Three and Four. In all cases in which a state prisoner has defaulted his federal claims in state court, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *See* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) (holding that neither cause without prejudice nor prejudice without cause gets a defaulted claim into federal court); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (holding that "prejudice" requires a petitioner to show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *Wainwright,* 433 U.S. at 88–91; *Murray,* 477 U.S. at 496;

*Rodriguez*, 906 F.2d at 1159 (holding that a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"); *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992).

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or the defendant's efforts to comply with the State's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on Grounds Three and Four. Petitioner raised other grounds in: (1) his PCR appeal through counsel's *Johnson* brief, (2) his pro se petition for writ of certiorari, and (3) his amended pro se petition for writ of certiorari. However, Petitioner failed to raise these grounds, raise them properly, or preserve the issues for habeas review. Petitioner cannot establish cause and prejudice because he has abandoned the opportunities to preserve these issues.

Further, the Court in *Strickland* stated that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies," and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." 466 U.S. at 697. Petitioner cannot show he was prejudiced by the alleged failure by his trial counsel to object to the second indictment, because he waived presentment to the grand jury:

THE COURT:        This specific charge of criminal sexual conduct in the second degree has not been presented to the Grand Jury of this County, and in fact it is a new charge. The charge you are indicted for is criminal sexual conduct with a minor in the first degree. The State is presenting you

16

|   |   |
|---|---|
| | with a new indictment charging you with criminal sexual conduct in the second degree. Do you understand that they have changed the charge? |
| TRACY JAMES: | Yes sir. |
| THE COURT: | Do you wish to waive presentment of this new charge to the Grand Jury at this time? |
| TRACY JAMES: | Yes sir. |

[ECF No. 14-3 at 32].[5]

Petitioner claims that the failure to present the indictment to the grand jury deprives the court of subject matter jurisdiction. [ECF Nos. 18, 19]. However, contrary to Petitioner's assertions, the Supreme Court of South Carolina has made clear that the indictment is a notice document and that presentment of an indictment, or waiver of presentment, is not needed to confer subject matter jurisdiction. *State v. Gentry*, 610 S.E.2d 494, 499 n.6 (S.C. 2005). In addition, a state-court indictment is not required by the Constitution, the Fifth Amendment indictment requirement does not apply to the states. *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972); *see also*, 28 U.S.C. § 2254(d)(1) (application shall not be granted unless the claim was based on an improper application of federal law); *see also Wilson v. Corcoran*, 562 U.S. 1, 131 S. Ct. 13, 16 (2010) ("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (internal

---

[5] The undersigned notes that, even if evaluated on the merits, Petitioner's arguments in Ground Three would be unavailing, because Plaintiff swore on the record that he wished to waive presentment of the new charge to the grand jury.

quotations and citations omitted) (emphasis in original). Therefore, Petitioner cannot show he was prejudiced by the deficiencies alleged in Ground Three.

### 3.    Actual Innocence

In the alternative, Petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

Petitioner's guilty plea, in which he admitted as true his Daughter's testimony concerning his sexual interaction with her, makes an assertion of actual innocence not credible. The undersigned finds Petitioner has failed to meet his burden of demonstrating actual innocence, and therefore, the procedural bars apply as to his claim in Grounds Three and Four.

### 4.    Ineffective Assistance of Counsel Claims

To the extent Petitioner intended to present claims of ineffective assistance of counsel,[6] he must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v.*

---

[6]  All of Petitioner's claims are stated as Due Process violations. *See* ECF No. 1 at 5–10.

*Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 131 S.Ct. 770, 787 (2011). This is a high standard that requires a habeas petitioner to show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of the prejudice inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 131 S.Ct. at 787–88; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 131 S.Ct. at 788 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 131 S.Ct. at 788. In such circumstances, the "question is not whether counsel's actions were unreasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standards." *Id.* The unreasonableness of the state court determination must be "beyond any possibility of fairminded disagreement." *Id.* at 787. "If this standard is difficult to meet, that is because it

was meant to be." *Id.* at 786. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)).

4.    Merits Review of Grounds One and Two

In Ground One, Petitioner asserts that his right to due process was violated because his counsel failed to call a DSS witness to testify, which would have allegedly showed that he was not the perpetrator. In Ground Two, Petitioner asserts that his right to due process was violated because his counsel failed to call the PCN who examined Daughter, which would have allegedly shown no sexual abuse occurred.

Petitioner raised these issues in his PCR application and amended application, as to which he had the burden of proving his allegations. *Butler v. State*, 334 S.E.2d 813, 814 (S.C. 1985). The PCR court rejected these claims, making relevant findings of fact and conclusions of law in accordance with S.C. Code Ann. § 17-27-80 (1976), as amended. The PCR court specifically noted that trial counsel's representation "was not deficient with regard to investigation and calling of witnesses." [ECF No. 14-3 at 122]. In addition, the PCR court concluded that Petitioner failed to show prejudice, as Petitioner failed to present any witnesses at the PCR hearing, and therefore any impact such witnesses would have made is merely speculative. *Id.*

Substantial deference is to be given to the state court's findings of fact. *Evans v. Smith*, 220 F.3d 306, 311–12 (4th Cir. 2000) ("We . . . accord state court factual findings a

presumption of correctness that can be rebutted only by clear and convincing evidence); *Bell v. Jarvis*, 236 F.3d 149 (4th Cir. 2000) (*en banc*).   In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Fisher v. Lee*, 215 F.3d 438, 446 (4th Cir. 2000); *Frye v. Lee*, 235 F.3d 897, 900 (4th Cir. 2000).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), when the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. *Strickland v. Washington*, 466 U.S. 668, 698 (1984); *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993) (citing *Clozza v. Murray*, 913 F.2d 1092, 1100 (4th Cir. 1990)). Nevertheless, because Petitioner's ineffective assistance of counsel claims were adjudicated on the merits by the South Carolina state court, this court's review is limited by the deferential standard of review set forth in 28 U.S.C. § 2254(d), as interpreted by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000). *See Evans*, 220 F.3d at 312 (holding that under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding."). Therefore, the court is mindful of the deferential standard of review in considering Petitioner's ineffective assistance of counsel claims.

When allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 694. In *Strickland*, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. To show prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Mazzell*, 88 F.3d at 269.

Petitioner has failed to meet his burden of showing that his counsel was ineffective under this standard. *Smith v. North Carolina*, 528 F.2d 807, 809 (4th Cir. 1975) (finding petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus). Here, Petitioner's counsel testified at the PCR hearing that he subpoenaed a DSS representative, who was available at trial. [ECF No. 14-3 at 103–104]. The PCR court found that the DSS documents presented by Petitioner consisted, in relevant part, of notes

from an interview with Petitioner that were duplicative of his trial testimony. *Id.* at 121. The undersigned also finds that, contrary to Petitioner's contention, such documents do not exonerate Petitioner, but instead merely record his statements from an interview. [ECF No. 14-5 at 13–20].

The prosecution called Sonya Budash, a nurse who saw Daughter in the emergency room on April 25, 2007 [ECF No. 14-1 at 73–80 – 14-2 at 1–8], and Debbie Elliott, who conducted a forensic interview of Daughter at the Care House [ECF No. 14-2 at 8–37], both of whom were cross-examined by trial counsel. Petitioner has failed to produce any additional evidence that, if submitted by trial counsel, could have changed the outcome of his trial. Petitioner attached a supplementary incident report to his pro se petition for certiorari. A review of the incident report indicates that an unidentified nurse informed the reporting officer that she found injury to the midline and internal structures. [ECF No. 14-7 at 23]. The nurse also informed the officer that Daughter "is a hermaphrodite so there was no penetration." *Id*. The incident report does not exonerate Petitioner from sexual abuse. Counsel testified at the PCR hearing that he did not call a medical witness because Daughter had not claimed to have been penetrated. [ECF No. 14-3 at 105].

The undersigned's review of the record shows that trial counsel's performance was not deficient under *Strickland*. Petitioner has failed to demonstrate how the testimony of the DSS witness and the nurse would have changed his trial. Having failed to meet his burden under *Strickland*, Petitioner's claims in Grounds One and Two should be dismissed.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Respondent's motion for

summary judgment [ECF No. 15] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

January 28, 2015                                     Shiva V. Hodges
Columbia, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).